UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 17-cr-20443

v.                                    Honorable Thomas L. Ludington

JAMES DANIEL BENNETT,

        Defendant.

_____/

**ORDER GRANTING MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS**

On July 28, 2017, an indictment was returned which charged Defendant James Daniel Bennett with one count of domestic assault by an habitual offender. ECF No. 1. On August 28, 2017, Bennett filed two motions. In Bennett's first motion, he seeks an order excluding a number of audio tape recordings, testimony of the Government's expert on domestic violence, and all evidence of Bennett's prior domestic violence convictions. ECF No. 12. In the second motion, Bennett requests disclosure of the complaining witness's grand jury testimony. ECF No. 13.

Disclosures of grand jury matters to defense counsel are governed by Rule 6(e)(3)(E). That section provides as follows:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> (i)     preliminarily to or in connection with a judicial proceeding;
>
> (ii)    at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

*Id.*

The Supreme Court has "consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). In order to show a particularized need for disclosure of grand jury materials, the moving party must show: "[T]he material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed." *Fed. Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990).

Here, Bennett is seeking disclosure of the complaining witness's grand jury testimony. If the complaining witness testifies at trial, the Government would be required by the Jencks Act to provide that information to Bennet. "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). But "[t]he defendant is only entitled to the statement after the witness has testified." *Id.* In *Short*, the Sixth Circuit clarified that, if a defendant seeks "pretrial disclosure of grand jury transcripts," the defendant must make a showing of "particularized need" before the district court. *Id.* at 186.

The Government concurs in Bennett's request for disclosure: "The government possesses transcripts of witnesses' testimony who will testify at the trial in this case and joins in the defendant motion seeking permission from the court to disclose those to defendant in discovery." Gov't Resp. at 25, ECF No. 16. Because the Jencks Act will require disclosure of the transcript at trial, Bennett's request for pretrial disclosure is reasonable. The Jencks Act constitutes a congressional conclusion that disclosure of the grand jury testimony of trial witnesses to defense counsel is necessary for a fair trial. Early disclosure will enable Bennett to prepare his defense prior to trial and thus will avoid unnecessary delays. Additionally, in this context, many of the underlying

policy considerations undergirding the secrecy requirement are not implicated. An indictment has been issued, so there is no fear of informing an individual that they are being investigated by a grand jury. Grand jury proceedings have ceased, so disclosure will not risk interference with deliberations, potential witnesses, or potential evidence. Further, the Court should provide a certain level of deference to the Government's belief that disclosure is appropriate. *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1092 (7th Cir. 1982). Thus, disclosure of the transcript in question will be required in the future, the need for secrecy is diminished, and the request is narrowly tailored. Bennett has shown a particularized need for the transcript and his request for disclosure will be granted.

Accordingly, it is **ORDERED** that Defendant Bennett's motion for disclosure of grand jury testimony, ECF No. 13, is **GRANTED.**

It is further **ORDERED** that the Government is **DIRECTED** to provide Defendant Bennett with a copy of the grand jury testimony of Government witnesses that will testify at trial. This order should not be construed as authorizing disclosure of any other grand jury materials.

It is further **ORDERED** that Defendant Bennett and his Attorney are **DIRECTED** to strictly maintain the confidentiality of any grand jury testimony produced by the Government. The transcripts should not be filed on the docket or otherwise disclosed to the public absent prior authorization from the Court.

Dated: September 26, 2017          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2017.

                                  s/Kelly Winslow
                                  KELLY WINSLOW, Case Manager